## East End Hose Company's License

*J. L. Trambley,* for appellant.

*George W. Musser,* Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

HIPPLE, P. J., December 29, 1942.—This is an appeal from the refusal of the Pennsylvania Liquor Control Board to grant a club retail dispenser's license to East End Hose Company for premises situated in Johnsonburg Borough, Elk County, Pa. A hearing was held before the board on March 24, 1942, and on April 24, 1942, the application for such license was refused for the following reasons: (1) The quota for the Borough of Johnsonburg was exceeded and therefore the board was prohibited by the Act of June 24, 1939, P. L. 806, 47 PS §744-1002, from issuing any new licenses in that municipality; (2) lavatories have not been installed and in one end of the room is a day-bed used by the steward; (3) the financial records are not properly maintained; (4) there is no indication that the club has a properly executed lease for the premises.

An appeal from this refusal was duly taken, and the matter came on to be heard before the court at which time counsel for the applicant club and the Liquor Control Board stipulated that the matter should be submitted upon the record taken before the examiner for the Liquor Control Board on March 24, 1942, and the record of that hearing was offered in evidence, with the provision that the applicant might produce additional evidence if it so desired.

At the hearing before the court Norbert Wolfe, president of the applicant club, testified with relation to the lavatories, the room in which a day-bed had been installed, the financial records, and the lease for the premises, to the effect that an extra room was being built on the building in question in which lavatories would be installed; that the steward would be moved into another room; that the East End Hose Company is a volunteer

fire company which has been in existence for approximately thirty years, and that while at one time the company owned the land and improvements thereon erected it was conveyed to the Borough of Johnsonburg, which advanced moneys needed for making various repairs upon the provision that the hose company was to use this building as long as it operated as a volunteer fire company. It was stated to the court by counsel for the applicant club that the secretary of the borough council and various members thereof had confirmed this arrangement, although the minutes or records of the borough did not show that any affirmative action had been taken by the borough council. However, the borough council on June 2, 1942, unanimously adopted a resolution to the effect that, inasmuch as the East End Hose Company had conveyed its land and building to Johnsonburg Borough, the applicant should have the right to use the premises free of rental or any charge so long as it remained a volunteer fire company. The objections to the physical arrangements of the building, while apparently well taken at the time of the hearing, are now immaterial because the building has been improved and the necessary repairs and construction made.

This applicant never had a license prior to the application, and therefore did not keep such records as are required by the Pennsylvania Liquor Control Board, but Mr. Wolfe testified that such records would be kept if a license were granted, and that a set of books had been ordered to conform with the requirements of the Liquor Control Board, and that such records would be properly maintained. We feel that the objections of the Liquor Control Board with relation to the construction of the building, the keeping of the financial records, etc., are now met, and therefore these reasons are overruled.

The more important question assigned by the board is whether the board is prohibited from issuing a license because of the Act of June 24, 1939, P. L. 806. No question was raised by the board that the applicant club

was not a bona fide organization operated for the benefit of the entire community, and for legitimate purposes, or that the organization does not come within the definition of the word "club", in the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 1, 47 PS §744-2. The sole question for determination is whether the Act of June 24, 1939, prohibits the board from issuing a new license to the applicant club because the quota for licenses for Johnsonburg Borough had been exceeded.

At the time this application was refused by the board and at the hearing before the court the quota of retail licenses calculated in accordance with the provisions of the Act of 1939 was five, the population of the borough being 4,955, and there were in effect at that time six retail licenses excluding clubs and hotels as defined in the Act of 1939.

On November 20, 1942, the appellant club presented its petition to amend its appeal petition by adding thereto a paragraph setting forth that since the filing of the application for a license one of the then licensees had discontinued business and no new license had been issued in its place, whereby the number of retail licenses, excluding clubs and hotels, was reduced and now stands at five, which is the quota for Johnsonburg Borough. This amendment was concurred in by counsel for the Liquor Control Board and an order to that effect was duly made by the court. Therefore the present status is that the quota of licenses for Johnsonburg Borough is not exceeded.

The first portion of section 2 of the Act of 1939 provides a method by which the quota in each municipality shall be computed. It further provides that retail licenses in existence at the time of the passage of the act may be renewed or transferred, notwithstanding the quota has been exceeded. The last sentence of the section provides: ". . . but where such number exceeds the limitation prescribed by this act, no new license, ex-

cept for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

As Judge Humes of Lycoming County well stated in the unreported case of Application of Lakewood Club (Wyoming County) : "When the quota thus computed is exceeded no new licenses shall be granted except for hotels as defined in the Act"; and we held in the appeal of Horton Township Sportsmen's Club's License, 41 D. & C. 261, 265, that

"Even if it were held that the prohibition against the issuance of new licenses affected all kinds of licenses for the sale of liquor, or malt or brewed beverages at retail, including clubs, there is no prohibition against the issuance of a new club license unless the number of retail licenses to be computed in determining the population restriction *exceeds the number* allowed under the Act of June 24, 1939."

We, therefore, hold that since the quota of retail licenses in Johnsonburg Borough, as defined by the Act of 1939, is not exceeded, and there being no other valid reasons to sustain the order of the Liquor Control Board, the appeal should be sustained.

This act has been the subject of numerous conflicting opinions in the lower courts of the State but we do not pass upon the question whether bona fide clubs were intended to be included within the prohibition with relation to the quota restriction, and base our action solely upon the fact that the quota in Johnsonburg Borough is not now exceeded, and that the last sentence of section 2 of the act does not prohibit the issuance of a new license unless the number of retail licenses as computed thereunder exceeds the limitation prescribed by the act.

## Order

And now, December 29, 1942, the appeal of the East End Hose Company is sustained, and the Pennsylvania Liquor Control Board is hereby ordered and directed to issue a club retail dispenser's liquor license to East End

Hose Company for the premises occupied by it in Johnsonburg Borough, Elk County, Pa.

Appellant is directed to pay the costs of this proceeding.